PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EUGENIO
LAFONT, Defendant and Appellant.

No. 7272.   Argued February 8, 1939.—Decided February 25, 1939.

*R. Cuevas Zequeira,* for appellant.   *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
Court.

Eugenio Lafont Pacheco was charged, before the Municipal Court of Fajardo, with carrying a prohibited weapon, because he carried upon his person, in Fajardo, on the night of February 15, 1936, a revolver.

The case went on appeal to the District Court of Humacao, and after a trial *de novo,* the court found Lafont guilty and sentenced him to one month in jail.  Feeling aggrieved, he appealed to this court assigning two errors in his brief.

By the first one he maintains that the evidence is insufficient and by the second one that the court erred in refusing to order the case filed away *nunc pro tunc,* as prayed for by defendant.

The first error was not committed. We have examined the evidence and, in our opinion, it is sufficient. The fact that the defendant was carrying the weapon was plainly shown by the testimony of Claudio Rodríguez and Juan Becerril. The conflict existing between said declarations can be explained without destroying their weight.

Arguing the second assignment of error the appellant states in his brief:

"Concerning the second error, to show that it was committed, we must mention certain facts that will explain the position adopted by the defendant, before this court.

"On or about April 1, 1937, while a case was pending against this accused before the District Court of Humacao for breach of the peace, the district attorney moved for a continuance of other cases pending against Eugenio Lafont, among which was the one at bar. The undersigned attorney objected to the continuance, and the court, presided by the Hon. Francisco González Fagundo, postponed the case until such date as the district attorney was able to summon an absent witness. Matters thus, more than one hundred and twenty days having elapsed without setting the case of Eugenio Lafont for trial, he presented on August 23, 1937, a motion to file away the case, which motion was officially remitted to the clerk of the District Court of Humacao so that he would file it and notify it to the district attorney. The said motion was remitted with another one exactly the same intended for another case pending against the defendant. The court set the motion for hearing and Francisco González Jr. represented the accused, with the express authority of the undersigned attorney, and submitted the motions on their merits. Subsequently the court overruled the motion, and inasmuch as it was not attached to the transcript of the evidence nor to the judgment roll, we moved the District Court of Humacao, through a verified motion containing a statement of the case, to render *nunc pro tunc* the correct order on the motion in question, which was either misplaced, or the clerk, by mistake, had forgotten to file it in this prosecution for carrying a weapon, although he did file it in the

other case for breach of the peace. The court, on October 31, 1938, overruled the motion *nunc pro tunc* to file away the case. We now allege that the court erred in failing to decide on its merits this question that was duly raised within the term therefor; and that it was only because of the clerk's oversight that it was not considered and decided in time.

"After the appeal had been filed, when the undersigned attorney was notified with a copy of the judgment roll, he noticed that there had been omited copy of the motion to file away the case presented by the defendant. Matters thus, a motion to correct the record was filed by defendant, which reads as follows:

" 'That the transcript in question is incorrect because it does not set forth the acts and statements of the court prior to the trial.'

" 'That in order to duly defend himself on appeal, the defendant needs an order of the court to amend the record by attaching to the transcript of the evidence copy of all the statements, orders and resolutions, and, especially, copy of the ones rendered while the court was presided by the Hon. Francisco González Fagundo.'

"That motion was overruled by the court acting on information given by the stenographer, without the defendant having had an opportunity to prove the facts alleged in his motion.

"In view of such a situation, and since the motion filed by the defendant praying that the case be filed away was not mentioned in the transcript, the undersigned attorney filed in the District Court of Humacao the motion to file away the case *nunc pro tunc,* which was overruled on October 31, 1938, by an order that we consider erroneous because it injures the substantial rights of the defendant. It is clear that the court had power to grant the motion in question in accordance with paragraph 8, section 7 of the Code of Civil Procedure of Puerto Rico, which empowers the courts to inspect and correct their orders and resolutions to make them conform to the law and justice.

"Through the evidence that we shall place at the disposal of the Supreme Court it appears that the undersigned attorney, on August 23, 1937, sent to the clerk of the District Court of Humacao two motions, exactly alike, to be filed in cases Nos. 12685 and 12698; that the hearing of the motions was set for October 7, 1937, on which date attorney Francisco González Jr. appeared in court and submitted the motions in question on their merits; that there does not appear in the record of case 12685, which is the one now pending

before this Supreme Court, copy of the motion, but on the contrary there appears an order of the court, made on case 12698, which reads thus:

" 'Order.—Because we consider that the delay in setting this case for trial has been justified by the number of civil and criminal cases pending, this case having been no exception to the development of the work of this court, the motion to file away the case is dismissed, and the case will remain, as it has up to now, waiting its turn for trial.—Humacao, P. R., September 21, 1937.—(signed) R. Arjona Siaca, District Judge.'

"We believe that the attendant circumstances justified the granting of the motion to file away the case *nunc pro tunc,* or the correction of the record, and that an order like the one above transcribed should have been rendered so that the Supreme Court could then take under advisement whether the motion to file away the case should have been granted."

The district attorney maintains that the record does not offer grounds sufficient to argue the error. And that is so.

All that appears from the record is that after judgment of conviction was rendered on November 16, 1937, the defendant appealed, and having chosen to prosecute the appeal by transcript of the evidence, the stenographer prepared and delivered it; that then, on January 11, 1938, he addressed the court alleging that the transcript was defective because it did not include certain acts of statements of said court, and moved for its correction; that having set the 14th of January as the date to pass upon the transcript of the evidence, the People appeared but not the defendant; that the clerk brought to the court's attention the said motion of January 11, and the court, after hearing the district attorney, ordered the stenographer to investigate in the clerk's office all that had happened concerning this case and to transcribe it; that on the following February 1, the stenographer informed the court that he had found nothing, and on May 17 the court overruled the motion, and copy of the order was sent to the defendant's attorney on May 21, 1938.

Matters thus, the clerk certified the judgment roll which was remitted to this court where the documents have been in file since June 17, 1938.

The appellant did nothing. He merely moved for extensions of time to file his brief which was done on November 7, 1938, and to raise therein the question of the motion to file away the case *nunc pro tunc* which he allegedly presented on August 23, 1938, and was overruled on the following October 31st, as he was ready to prove with evidence that he was going to offer to the court.

Months elapsed. On December 8, 1938, this court set February 8, 1939, as the date for the hearing of the appeal, and on the last day the appellant moved for permission to add to the record a verified declaration of his attorney, simple copies of the motion to file away the case *nunc pro tunc*, and the sworn declarations of attorneys Francisco González Fagundo and Francisco González Jr., to prove the facts set forth in his brief and on which the second assignment of error was to be based.

Under the circumstances set forth, can we take under consideration the documents offered for addition to the record of the appeal from the judgment of November 16, 1937? Let us see.

This appeal can be decided only with what was before the trial court at the time judgment was rendered.

The court certified as correct a record that, speaking for itself, states that no motion to file away the case was presented; and said so after the question was raised before it, and an investigation was made. The record was certified on May 17, 1938, and the defendant took no appeal therefrom.

It was on that occasion that the defendant should have insisted upon the correction of the record of the appeal, submitting for the approval of the trial judge a statement of what, according to him, had occurred, and if the judge failed or refused to approve it, then he could have come to this Supreme Court. See section 65 of the Rules of this Court,

17 P.R.R. LXXVII; *Rosario* v. *Lalaite,* 52 P.R.R.———, and *People* v. *Rivera et' al.,* 24 P.R.R. 852.

But the defendant rather addressed again the district court of October 18, 1938, that is, not only after five months from the date on which the record was certified had elapsed, but over four months after said record had been filed in this Supreme Court. He presented there a motion to file away the case *nunc pro tunc,* which the court overruled on the 31st of that same month, as stated by the very defendant.

In our opinion, since the order overruling the motion to file away the case was rendered after judgment, it is in the nature of an order rendered after judgment which affects the substantial rights of the parties and was, therefore, appealable, under the provisions of paragraph 3, section 347 of the Code of Criminal Procedure, 1935 ed., p. 344.

Had the defendant taken that appeal, he would have had an opportunity to bring before this court, as part of the record, the same evidence that he would have offered to the district court to prove that regardless of what was certified by the judge in May, 1938, the truth was that by virtue of a subsequent investigation it had been shown that the motion had been filed in due time. But the defendant did not appeal and thus lost his second opportunity.

How can we, at this stage of the proceedings, and having presented said documents at this late hour without having even notified the trial judge, decide that something which is in conflict with the record of the only appeal before us is true, especially when the judge said in one of those very documents—the copy of the order in the motion to file away the case *nunc pro tunc*—that the original motion had not been filed?

The legal truth before this court in this appeal is that no motion to file away the case was presented, and that the defendant went to trial after having waived his right to be

tried within the term of 120 days, to be counted from the date in which the record was filed in the district court, if he had such right.

There exists no basis either to consider whether the judge decided correctly or incorrectly the motion to file away the case *nunc pro tunc,* because it concerns something that happened after judgment was rendered and after the appeal before us was filed; and if in spite of what has been said the question could be considered, still we could not do it because the transcript of the evidence or the statement of the case required by the statute have not been filed.

By virtue of what has been stated, the appeal must be dismissed and the judgment appealed from affirmed.